[Cite as *State v. Matthews*, 2017-Ohio-214.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No. WD-15-068

      Appellee                                       Trial Court No. 2013CR0345

v.

Ronald Matthews, Sr.                          **DECISION AND JUDGMENT**

      Appellant                                      Decided: January 20, 2017

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney,
David E. Romaker, Jr. and David T. Harold, Assistant
Prosecuting Attorneys, for appellee.

Stephen D. Long, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an October 20, 2015 judgment of the Wood County

Court of Common Pleas, sentencing appellant to a two-year term of incarceration for

appellant's conviction on one count of domestic violence, in violation of R.C.

2919.25(A), a felony of the third degree, as enhanced based upon appellant's prior domestic violence convictions. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Ronald Matthews Sr., sets forth the following three assignments of error:

> A.  THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION IN LIM[I]NE AND IN ALLOWING THE STATE TO INTRODUCE INADMISSIBLE EVIDENCE AT TRIAL OF PRIOR CONVICTIONS, OVER APPELLANT'S OBJECTION, THEREBY DENYING HIM A FAIR TRIAL.

> B.  THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTIONS FOR ACQUITTAL PURSUANT TO CRIM.R. 29 AND APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WITH REGARD TO PROOF BEYOND A REASONABLE DOUBT AS TO THE EXISTENCE OF PRIOR CONVICTIONS AND AS TO THE CONVICTION FOR DOMESTIC VIOLENCE.

> C.  THE CUMULATIVE ERRORS OF THE TRIAL COURT DENIED APPELLANT A FAIR TRIAL.

2.

{¶ 3} The following undisputed facts are relevant to this appeal. Appellant married the victim in the instant case in 2009. Appellant subsequently commenced an extramarital affair and moved in with his girlfriend but remained married to the victim. On occasion, appellant's tumultuous relationship with his girlfriend would worsen and appellant would then move back in with his wife. An incident that occurred during one of these periods when appellant had left his girlfriend's residence and resumed residency in the marital home culminated in the present case.

{¶ 4} On June 23, 2013, the victim returned home from work and found appellant highly intoxicated and involved in a verbal altercation over the telephone with his estranged girlfriend. Appellant persistently attempted to get the victim involved in the dispute. In addition, appellant requested that the victim go out and purchase more alcohol for appellant to consume. The victim refused both requests.

{¶ 5} Appellant became enraged at the victim's refusal to obey his demands and stormed out of the house and went into the garage. Later that day, as the parties were engaged in a heated exchange regarding appellant's extramarital affairs and alcohol consumption, the victim asked him to leave the home. Appellant refused and conveyed to the victim that if she called the police he would retaliate by manufacturing allegations to the responding officers that the victim engages in various forms of abuse of her two children born of a prior marriage. Despite appellant's threats, the victim managed to get possession of the phone and she called for emergency help.

3.

{¶ 6} Events escalated quickly and appellant grabbed the victim by the hair on the back of her head, threw her to the floor of the kitchen, and began to kick and strike her repeatedly. The victim's 12-year-old son came to the aid of his mother, pulled appellant off of his mother, and the victim and her son fled the house right as the police were arriving on the scene.

{¶ 7} Upon their arrival, the victim advised police that appellant had just been physically beating her. The victim's son consistently advised that appellant had been attacking his mother. The responding officer noted that upon arrival at the scene the victim was crying, red-faced, hysterical, and had very disheveled hair. The officer observed scratches on the victim's arm and noted that it appeared as though the victim's ponytail on the back of her head had been recently pulled. Despite some bruises and scratches, the victim did not seek medical treatment.

{¶ 8} During the course of this case, appellant conceded to having been convicted on March 8, 1996, of domestic violence in the Seneca County Court of Common Pleas concerning appellant's second wife. The record of evidence in this matter encompasses documentation pertaining to the 1996 conviction which reflects that it was a fourth-degree felony, unequivocally reflecting that the 1996 conviction was not appellant's first domestic violence conviction.

{¶ 9} R.C. 2919.25(D)(3) establishes in relevant part, "[I]f the offender previously has pleaded guilty to or been convicted of domestic violence * * * [A] violation of [the domestic violence] section is a felony of the fourth degree." In conjunction with this,

4.

R.C. 2945.75(A)(1) establishes in relevant part, "The affidavit, complaint, indictment or information either shall state the degree of the offense which the accused is alleged to have committed * * * or [it] is effective to charge only the least degree of the offense." Taken together, these controlling statutes demonstrate that but for evidence of one past domestic violation conviction, appellant would not and could not have been convicted of fourth-degree felony domestic violence in the 1996 case.

{¶ 10} However, given appellant's claimed lack of any recollection of having also been convicted of domestic violence in 1982 in the Tiffin Municipal Court in connection to his first wife, testimony and documentation were presented in the instant case by several records clerks from the Tiffin Municipal Court demonstrating appellant's 1982 domestic violence arrest, verifying that appellant's social security number matched that reflected on the 1982 domestic violence arrest record, and demonstrating that appellant's 1982 domestic violence case concluded in a disposition and sentencing on November 1, 1982.

{¶ 11} On September 19, 2013, appellant was indicted on one count of domestic violence, in violation of R.C. 2919.25(A) and (D)(4), as enhanced to a felony of the third degree based upon appellant's two past domestic violence convictions. A number of pretrial conferences and numerous continuances ensued. On October 10, 2014, appellant filed a motion in limine pertaining to the evidence of past domestic violence convictions. On October 17, 2014, the state filed a memorandum in opposition.

5.

**{¶ 12}** On October 30, 2014, the trial court conducted a hearing on the pending motion in limine. As referenced above, appellant conceded to the 1996 domestic violence conviction involving his second wife, but denied recollection of the 1982 domestic violence conviction involving his first wife. However, the 1996 conviction could have only been a felony of the fourth degree contingent upon the record reflecting a prior domestic violence conviction.

**{¶ 13}** Nevertheless, given appellant's claimed lack of memory, the state presented the testimony of several witnesses who are employed as clerks in the records Department of the Tiffin Municipal Court. These witnesses presented the documentation reflecting appellant's 1982 arrest and conviction for domestic violence.

**{¶ 14}** Ultimately, on January 21, 2015, appellant's motion in limine was denied. On March 19, 2015, counsel for appellant sought leave to withdraw from the case. The motion was granted and new counsel was appointed to represent appellant. On September 2, 2015, the matter proceeded to a two-day jury trial.

**{¶ 15}** At trial, appellant's third wife, the victim in this case, testified in detail regarding the facts and circumstances surrounding the June 23, 2013 domestic violence incident. The victim's son, who both witnessed the incident and assisted the victim in escaping from the home on that day, consistently testified at trial regarding these events. One of the Tiffin Municipal Court records clerks next testified in connection to court records from the 1982 domestic violence conviction. Bolstering that testimony,

6.

appellant's first wife, the victim in the 1982 case, testified at trial in this case as to the 1982 case.

{¶ 16} The state next presented the testimony of appellant's second wife, the victim in the 1996 domestic violence case, who likewise testified at trial in this case as to the 1996 case. Lastly, the responding officer in the instant case testified consistently with the testimony of the victim and her son regarding the physical assault by appellant against the victim on June 23, 2013. Appellant was found guilty.

{¶ 17} The matter was referred for presentencing investigation. On October 20, 2015, appellant was sentenced to a two-year term of incarceration, one year of incarceration less than that recommended by the state in this matter. This appeal ensued.

{¶ 18} In the first assignment of error, appellant maintains that the trial court erred and abused its discretion in denying appellant's motion in limine seeking to exclude evidence of appellant's 1982 and 1996 domestic violence convictions involving appellant's first two wives. We do not concur.

{¶ 19} We note at the outset that appellant concurs that the subject of the first assignment of error, the admission or exclusion of evidence, is one with which the trial court is vested with broad discretion. In order for such a trial court decision to be shown improper, it must be demonstrated that the disputed evidentiary decision was an abuse of discretion. The term abuse of discretion requires showing more than a mere error of law or judgment; it requires that it be shown that the trial court's action was unreasonable,

7.

arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 20} In support of the first assignment, appellant complains that the trial court improperly permitted the, "State's parading Mr. Matthews' ex's [wives] in front the jury deciding his fate," thereby suggesting that the trial court somehow permitted unlimited adverse testimony to the prejudice of appellant. The record belies this suggestion.

{¶ 21} The record reflects that the testimony of appellant's first two wives, necessitated chiefly by appellant's claimed inability to recollect being convicted of domestic violence by the Tiffin Municipal Court in connection to his first wife, was limited, narrow, and constrained to the events and facts precipitating appellant's 1982 and 1996 domestic violence charges and convictions. Again, appellant himself conceded to the 1996 domestic violence conviction court documentation which explicitly reflected that the 1996 conviction was a fourth-degree felony, and therefore by operation of law, a repeat domestic violence conviction.

{¶ 22} Appellant sweepingly protests that the trial court admission of the testimony was "Kafkaesque" and concludes without relevant or compelling legal support, "Clearly, allowing the ex-wives to testify over the objection of Mr. Matthews was unreasonable, arbitrary and/or unconscionable on the part of the trial court. Therefore, the trial court abused its discretion."

{¶ 23} We cannot find the trial court's decision to permit the testimony of the victims in the prior cases to be arbitrary, unreasonable, or unconscionable in the context

8.

of appellant's contradictory recollection of his prior convictions. We find appellant's first assignment of error not well-taken.

{¶ 24} In appellant's second assignment of error, he asserts that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. Notably, appellant specifically puts forth the issue of the evidence of prior domestic violence convictions, the subject of the first assignment of error, as the basis for the sufficiency and manifest weight arguments.

{¶ 25} It is well-established that in cases where sufficiency of the evidence is asserted, the relevant inquiry on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. With respect to the manifest weight claim, the proper appellate court analysis is to determine whether, in reviewing the entire record, weighing the evidence and all reasonable inferences, considering witness credibility in resolving evidentiary conflicts, the jury clearly lost its way and created such a manifest miscarriage of justice necessitating the extreme remedy of reversal and a new trial. *State v. Pasiecznik*, 6th Dist. Erie No. E-13-026, 2014-Ohio-342, ¶ 22.

{¶ 26} As relevant to the instant case, R.C. 2919.25(A) establishes in pertinent part, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." In conjunction with this, R.C. 2919.25(D)(4) outlines the felony enhancement provision applicable to this case. It states in relevant part, "If the offender

9.

previously has pleaded guilty to or been convicted of two or more offenses of domestic violence * * * is a felony of the third degree."

{¶ 27} In applying the above-described governing standards and statutes, we find that the record encompasses ample evidence in support of the disputed conviction. During the jury trial, the trial court heard detailed testimony from the victim regarding appellant's physical beating of the victim, collaborating testimony from the victim's eyewitness son, collaborating testimony from the responding officer who arrived on scene shortly after the incident, testimony from various records clerks in connection to appellant's past domestic violence cases, as well as direct testimony in the instant case from appellant's first and second wives, the victims in the 1982 and 1996 domestic violence cases, respectively.

{¶ 28} The record is replete with evidence of appellant's guilt in the current case. The record is replete with testimonial evidence and document evidence of appellant's 1982 and 1996 domestic violence convictions. Contrary to appellant's protestations and claims, the record of evidence does not reflect any "Kafkaesque" maltreatment of appellant. We find appellant's second assignment of error not well-taken.

{¶ 29} In the third assignment of error, appellant argues that he was subjected to improper prejudicial impact through claimed cumulative trial court errors. We do not concur.

{¶ 30} The cumulative error doctrine states that, "[A] conviction will be reversed when the cumulative effect of errors in a trial court deprives the defendant of a fair trial

10.

even though each of the numerous instances of trial court error does not individually constitute cause for reversal." *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 231.

{¶ 31} Based upon this court rejecting appellant's claims of error by the trial court in conducting the trial below, we therefore similarly conclude that the record is devoid of evidence establishing cumulative prejudicial impact on appellant such that appellant was precluded from a fair trial. We find appellant's third assignment of error not well-taken.

{¶ 32} Wherefore, we find that substantial justice has been done in this matter. The judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.     _____
                JUDGE
Arlene Singer, J.      

Thomas J. Osowik, J.    _____
CONCUR.             JUDGE


            _____
                JUDGE

11.